Brian J. Wanca (bwanca@andersonwanca.com)
Jonathan E. Irwin (jirwin@andersonwanca.com)
**Anderson + Wanca**
3701 Algonquin Road, Suite 760
Rolling Meadows, IL  60008
Telephone:  847-368-1500; Fax:  847-368-1501

Richard J. Doherty (rich@bockhatchllc.com)
James M. Smith (jim@bockhatchllc.com)
**Bock & Hatch, LLC**
134 N. LaSalle Street, Suite 1000
Chicago, IL  60602
Telephone: 312-368-5500; Fax: 312-658-5555

Attorneys for Plaintiff Gregory J. Ellis

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: TOYS 'R' US - DELAWARE, INC. – FAIR AND ACCURATE CREDIT TRANSACTIONS ACT (FACTA) LITIGATION** | MDL No. CV 08-01980 MMM (FMOx)<br>No. CV 06-08163 MMM (FMOx)<br>No. CV 08-06645 MMM (FMOx)<br><br>The Hon. Margaret M. Morrow<br><br>**JOINT STIPULATION RE: *ELLIS* PLAINTIFF'S MOTION RE THE SUFFICIENCY OF DEFENDANT'S RESPONSE AND OBJECTION TO SECOND REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3**<br><br>Hearing Date: February 17, 2010<br>Time: 10:00 a.m.<br>Ctrm: F, 9th Floor<br>Discovery Cut-Off Date:  None<br>Pre-Certification Discovery Cut Off:<br>        February 12, 2010<br>Pretrial Conference Date:  None<br>Trial Date:  None |

1

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on **February 17, 2010 at 10:00 a.m.** or as soon as the matter may be heard in Courtroom F, 9th Floor of the above-referenced courthouse located at 312 N. Spring Street, Los Angeles, CA 90012, Plaintiff Gregory Ellis will, and hereby does, move for an order compelling Defendant Toys "R" Us-Delaware, Inc. to produce all documents responsive to Request to Produce No. 3  As explained by Plaintiff in the accompanying Joint Stipulation, the matters at issue are relevant and Defendant has failed to give adequate reasons for its refusal to produce these documents.

This Motion is made following unsuccessful, extensive efforts to resolve this dispute pursuant to Local Rule 37, and is based on Plaintiff's portion of the Joint Stipulation filed herewith and exhibits thereto, on all files and records in this case, and on any further briefing or argument that may be presented at or before the hearing on Plaintiff's motion.

Plaintiff reserves his right to seek an award of costs and attorneys' fees for the attorney time expended in seeking this relief, following a ruling on his motion.


Dated: January 27, 2010                By:   s/ James M. Smith
                                              One of Plaintiff Ellis' Attorneys

                                       Richard J. Doherty
                                       James M. Smith
                                       **Bock & Hatch, LLC**
                                       134 N. LaSalle Street, Suite 1000
                                       Chicago, IL  60602

2

# TABLE OF CONTENTS

I.    PLAINTIFF ELLIS' INTRODUCTORY STATEMENT.........................1

II.   DEFENDANT'S INTRODUCTORY STATEMENT............................3

III.  RFP NO. 3.......................................................................5

    1.    Text of RFP No. 3...................................................5

    2.    Defendant's Response to RFP No. 3.........................5

    3.    Plaintiff's Contentions Regarding RFP No. 3............6

        A.    RFP No. 3 is relevant...................................7

            a.    RFP No. 3 is relevant to class certification.....8

        B.    After 15-months, Defendant has never explained how or why RFP No. 3 is unduly burdensome.......................10

        C.    Plaintiff's Conclusion...............................10

    4.    Defendant's Contentions:......................................11

        A.    Plaintiff Ellis' Motion to Compel Further Response to Request No. 3 Should Be Denied Because It Is Cumulative of Numerous Prior Requests by Plaintiffs.........11

            1.    Judge Morrow has Directed the Parties to Focus on Non-Duplicative Discovery Related to Class Certification...............................................11

            2.    Request for Production No. 3 is Duplicative of Prior Discovery................................................12

            3.    Delay Resulting in Substantial Prejudice to the Responding Party is Grounds to Deny a Motion to Compel.....................................................13

i

4.   TOYS Would Suffer Substantial Prejudice If It
Is Forced to Respond to Request for Production
No. 3..................................................…........14

a.   The Burden Would Be Great.........................14

B.   The Requested Information is Not Relevant to Class
Certification and Should therefore Wait Until After
Judge Morrow's Decision on Class Certification...........…......15

C.   TOYS Has Offered to Provide Stipulations Concerning
the Requested Issues...............................................17

D.   TOYS' Conclusion.................................…........18

## I.   **PLAINTIFF ELLIS' INTRODUCTORY STATEMENT**

This motion addresses many of the same issues addressed in Plaintiffs' Nicola Edwards and James Schley's motion to compel answers to their requests for admission Nos. 38 and 39.  However, this motion concerns Defendant Toys "R" Us-Delaware, Inc. ("Toys" or "Defendant")'s objection to one Request to Produce issued by Plaintiff Ellis.  Ellis' Second Request for Production of Documents No. 3 ("RFP No. 3") addresses the central issue in this case alleging violations of the Fair Credit Reporting Act and FACTA (namely, willfulness), and which also are germane to class certification based on the erroneous analysis employed by some judges in this District in denying class certification in cases alleging FACTA violations.  The Court has set a pre-certification discovery cut-off of February 12, 2010, extended by agreement of the parties.  Attached as <u>Exhibit A</u> is the initial scheduling order in this matter.  Attached as <u>Exhibit B</u> are the subsequent orders relating to scheduling.

On October 7, 2008 (more than 15 months ago) Plaintiff issued his Second Request to Produce Documents to Defendant.  Included was RFP No. 3, which requested "All documents evidencing all purchases made by your employees, including but not limited to, officers, directors, management, and law department, by debit or credit card from October 27, 2006 through January 5, 2007."  First, Defendant informally responded to RFP No. 3 on August 5, 2009 by sending a letter to Plaintiff's counsel stating that Defendant will not answer any of Ellis' discovery because it was duplicative of the discovery Defendant previously answered in the *Edwards* case.  On September 10, 2009, Plaintiff Ellis demanded a formal response to this discovery and on September 14, 2009 this Court ordered Defendant to answer, in part, RFP No. 3.  Defendant responded by objecting to RFP No. 3 arguing that it is "vague," "irrelevant," "overbroad," "unduly burdensome" and "harassing."

1

After Defendant issued formal objections – three times – to Plaintiff's RFP No. 3, on December 31, 2009, Defendant, for the first time, added a sixth objection as to why Defendant should not produce any documents responsive to RFP No. 3. Defendant argued that RFP No. 3 creates privacy concerns pursuant to the Video Privacy Protection Act ("VPPA") 18 U.S.C. § 2710. First, Defendant waived this sixth "privacy" objection as it waited over 14 months to raise it for the first time. Second, even if Defendant did not waive this "privacy" objection, the VPPA has nothing to do with Defendant producing all documents evidencing all purchases made by employees during the relevant time period. Defendant was never able to explain how the VPPA could realistically affect the production of documents pursuant to RFP No. 3.

The parties subsequently exchanged correspondence several times and participated in multiple meet and confer telephone conversations – the latest of which was January 4, 2010 – to, in part, work through Defendant's objections to RFP No. 3. As a result, the parties narrowed Defendant's objections down to their "irrelevant," and "unduly burdensome" arguments. The parties were never able to completely resolve Defendant's objections to RFP No. 3 because Defendant refused to explain Defendant's investigation into the production of these documents nor explain why the production would be burdensome. Plaintiff was faced with either accepting Defendant's bald and unsupported contentions or move to compel.

Defendant's continued refusal to produce documents in response to RFP No. 3 is improper. These documents are relevant to this litigation and to class certification. Moreover, even though Defendant has had RFP No. 3 for over 15-months, Defendant has never given Plaintiff specifics as to why RFP No. 3 is unduly burdensome. Defendant has had over 15-months to locate and produce documents responsive to RFP No. 3 and should be ordered to do so immediately.

2

Plaintiff will seek an award of reasonable costs incurred in bringing this unnecessary motion at a later date, after a ruling on the motion.

## II.   DEFENDANT'S INTRODUCTORY STATEMENT

In transferring this case to the Central District, the MDL panel <u>specifically advised</u> that: "Centralization [of the Ellis and Edwards case] under Section 1047 will <u>eliminate duplicative discovery</u>…" (October 9, 2009, Transfer Order, Case 08-ml-01980, Dkt. 1). The Panel's 2009 Transfer Order was 100% consistent with the Manual for Complex litigation which provides that: "The objective of [MDL] transfer is to <u>eliminate duplication in discovery</u>…" (Man. for Compl. Lit., 4th, § 20.131)

Despite his express obligation to <u>avoid duplicative discovery</u>, Plaintiff Ellis has moved to compel further responses to Plaintiff Gregory Ellis' Request for Production No. 3, which is <u>incredibly</u> broad and duplicative of much discovery that has taken place in this coordinated case since 2007.

Specifically, Request for Production No. 3 seeks <u>all</u> documents related to <u>all</u> purchases made by <u>all</u> TOYS employees (including <u>all</u> officers, directors, management, and law department) with a credit or debit card during the 2006 holiday season. This request is the single broadest discovery request served by any party in the last three years (with the exception of Plaintiff Ellis' earlier request for production of "all electronically printed receipts during the Relevant Time Period"). This request is subsumed in prior discovery responses provided by Toys in 2007 (in which Toys made clear that individual customer receipts and employee information would be too burdensome to provide).[1]   Specifically, Ellis RFP No. 3 overlaps with a number of prior requests, including: (1) an interrogatory served

---

[1] *See* Toy's Responses to Edwards' Request for Production Set No. 1, 14-17 (served on May 2, 2007),  and Toys Responses to Edwards' Request for Admission Set No. 1, No. 7 (served on July 12, 2007), both of which are attached as part of Exhibit A to the concurrently-filed Declaration of Dominique R. Shelton for Joint Stipulation Re: Toy "R" Us – Delaware, Inc.'s Motion for Protective Order ("Shelton Decl.")

by Plaintiffs Edwards and Schley over *two-and-a-half years ago* in 2007; and (2) a prior request for documents served by Plaintiff Ellis himself, on July 15, 2008. The fact that Plaintiff Ellis is moving to compel information from prior requests that were already responded to in 2007 and 2008 contravenes both the directions of Judge Morrow in this case, the guidance of the Manual for Complex Litigation in general, and the settled caselaw under Rule 26.

Not only is the Ellis discovery duplicative of prior Edwards discovery in violation of the MDL Transfer Order and the Manual for Complex Litigation, RFP No. 3 would require unknown, undue and potentially enormous time and expense to provide any responsive documents, because the documents do not currently exist. TOYS' database does not contain the requested documents. It would have to create an entirely new software system in order to even begin to gather the requested information. TOYS would then have to compile a list of the thousands of employees who worked during the 2006 holiday season, including temporary holiday employees who are long gone. In short, it would be a massive undertaking to respond to Request for Production No. 3.

Finally, the information requested is completely irrelevant to the upcoming motions for class certification. Plaintiff Ellis admits that the information sought is really only relevant to "willfulness" under FACTA, which is a merits issue. Moreover, the documents requested (concerning TOYS employees' credit/debit purchases) are unnecessary because TOYS has already offered to stipulate that its employees made purchases during the 2006 holiday season, and even that some of those employees may have been officers with knowledge of FACTA's requirements.

Rule 26 clearly mandates that, where discovery requests are not relevant, and would work an undue burden on the responding party (especially where the burden is increased by <u>cumulative</u> discovery and unnecessary <u>delay</u> on the part of the requesting party), the proper course is to limit such discovery. Under the

4

circumstances, TOYS should not be made to undergo the enormous time and expense of responding to Request for Production No. 3 because: (1) the request is duplicative and cumulative of prior discovery (which responses to prior discovery Plaintiff did not object to); (2) the requested information is not relevant to class certification; and (3) the request is unnecessary because TOYS has already offered to stipulate that its employees did in fact make credit/debit purchases during the 2006 holiday season (and that some of those employees may well have been officers who were aware of all relevant FACTA requirements at all relevant times). For all of these reasons, Plaintiff Gregory Ellis' motion to compel further response to Request for Production No. 3 should be denied.

## III.   RFP NO. 3

### 1. Text of RFP No. 3

All documents evidencing all purchases made by your employees, including but not limited to, officers, directors, management, and law department, by debit or credit card from October 27, 2006 through January 5, 2007.

### 2. Defendant's Response to RFP No. 3

**RESPONSE:** TOYS objects to this request on the ground that it is vague with respect to the phrase "all purchase." TOYS further objects on the grounds that the request is irrelevant, overbroad, and unduly burdensome and harassing, in that it seeks voluminous private consumer records that have no bearing on the claims or defenses in this lawsuit. It is not clear what documents are sought by the request, but to the extent the request seeks records of debit or credit card transactions at TOYS stores, TOYS directs Plaintiff to written responses and production in response to the requests propounded by Plaintiffs Nicola Edwards and James Schley on April 2, 2007, which have been provided to Plaintiff.

**AMENDED RESPONSE:** TOYS objects to this request on the ground that it is vague with respect to the phrase "all purchase." It is not clear what documents are sought by the request. TOYS also objects to this interrogatory on the grounds that it is unduly burdensome. In order to even begin to search for documents

5

responsive to this request, TOYS would have to compile a list of the names of all employees who worked during the 2006 holiday season, estimated to be thousands of people. TOYS also objects on the grounds that the request is overbroad, irrelevant and harassing, in that it seeks voluminous private consumer records that have no bearing on the claims or defenses in this lawsuit. TOYS also objects to this interrogatory on the grounds that it seeks information that is not relevant to any issues pertaining to class certification, and therefore runs afoul of the Court's scheduling order, which specifically delineated a separate schedule for class certification discovery, and Judge Morrow's comments on June 15, 2009, and Order issued on September 14, 2009, in which she directed the parties to focus on discovery that is related to class certification. Based on these objections, TOYS will not produce any additional records responsive to this request.

**FURTHER AMENDED RESPONSE:** TOYS objects to this request on the ground that it is vague with respect to the phrase "all purchases." It is not clear what documents are sought by the request. TOYS also objects to this interrogatory on the grounds that it is unduly burdensome. In order to even begin to search for documents responsive to this request, TOYS would have to compile a list of the names of all employees who worked during the 2006 holiday season, estimated to be tens of thousands of people, and at a minimum have to obtain from them the credit card numbers that they used for each such transaction. TOYS further objects on the grounds that the request is irrelevant, overbroad, and unduly burdensome and harassing, in that it seeks voluminous private consumer records that have no bearing on the claims or defenses in this lawsuit. Based on these objections, TOYS will not produce any additional records responsive to this request.

### 3.    Plaintiff's Contentions Regarding RFP No. 3

Defendant originally raised five arguments as to why Defendant should not have to produce these documents. Defendant contended that RFP No. 3 is: (1) vague; (2) unduly burdensome; (3) irrelevant; (4) overbroad; and (5) harassing. Defendant than raised a sixth "privacy" well after Defendant raised its first five

6

objections. Through the meet and confer process, the parties were able to winnow down Defendant's objections to their "irrelevant" objection and "unduly burdensome" objection. As demonstrated below, Defendant's boiler-plate objections are improper, Defendant has the burden to show why their objections are proper and for the last 15-months Defendant has not met their burden. To date, Defendant has not provided Plaintiff with anything more than naked assertions that the production of such documents is burdensome.

### A.   RFP No. 3 is relevant.

RFP No. 3 seeks relevant information. As discussed in the *Edwards* decision, in October, 2006, Defendant began printing excess credit/debit card account digits on receipts generated by "new" cash registers, in violation of FACTA. Defendant continued to violate the law until January 5, 2007. FACTA became operative for all machines, regardless of age, on December 4, 2006.

Defendant admits that certain of its officers and employees were aware of FACTA's requirement in October 2006, but claims that it was unaware that it was violating FACTA (despite doing so, on paper, millions of times) until *December 27, 2006*, when it was served with the *Edwards* Plaintiffs' lawsuit, filed December 21, 2006. In moving unsuccessfully for summary judgment as to the "willfulness" issue, Defendant claimed that immediately upon "learning" (via service of the complaint) that it had been printing millions of receipts containing illegal information for months, it quickly began taking steps to "fix" the "glitch" and thereby comply with the law, resulting in its compliance by January 5, 2007.

In the *Edwards'* litigation prior to this MDL proceeding, in a deposition taken before the Court denied Defendant's motion, Defendant's chief summary judgment declarant, Dennis Gleason, admitted that the FACTA violations were visible on the face of the receipts that Defendant illegally provided to credit and debit customers.

In other words, Defendant's "defense" to Plaintiff's claim that it willfully violated FACTA every time it provided visibly illegal receipts to Plaintiffs and the class members appears to be that while it was aware of the law and while a simple examination of the receipts would have demonstrated that they violated the law, no one whose knowledge could be imputed to Defendant for purposes of a finding that Defendant knowingly or recklessly disregarded FACTA's requirements in printed such visibly illegal receipts millions of times noticed that the receipts violated the law until the *Edwards* Plaintiffs sued Defendant. According to Defendant's failed summary judgment motion, as soon as it learned it was violating the law, it immediately began attempting to rectify the situation. Defendant argued this evidenced its lack of willfulness.

RFP No. 3 thus goes directly to the central merits issue of willfulness – i.e., did Defendant knowingly or recklessly disregard FACTA's truncation requirement when it continued to print receipts containing excess digits of millions of customers' credit and debit card account numbers over a period of several months? Plaintiff contends that if officers of the company who were aware of the law in fact received credit or debit card receipts on which illegal information was visibly printed, in, e.g., early December 2006, and yet Defendant continued to go about its business that holiday season without attempting to alter its illegal conduct until after it was served with the lawsuit, a jury might infer from such facts and others that Defendant knowingly or recklessly disregarded its obligations under FACTA.

### a.    RFP No. 3 is relevant to class certification.

Defendant also argues that, even if such discovery is relevant to the willfulness question, RFP No. 3 is irrelevant as to class certification. However, the Court has not bifurcated discovery. Accordingly, whether RFP No. 3 is relevant to class certification only does not matter. Plaintiff is entitled to seek

8

discovery in the manner and sequence that he sees fit, barring a court order to the contrary.

Even though discovery has not been bifurcated, Defendant has taken the position that the parties should only pursue class-related discovery now. Plaintiff disagrees with Defendant's position. However, even if the Court enters an order bifurcating discovery, RFP No. 3 is relevant to class certification because certain judges in this District have denied class certification in FACTA cases based in part on the defendants' submission of "evidence" (usually before discovery commenced) that they immediately began rectifying their illegal conduct upon "learning" that they were violating the law; i.e., upon being sued for violating the law. Some courts have found that such evidence supports denying class certification in FACTA cases.[2]

Plaintiff disagrees with this merits-based "superiority" analysis, and that a defendant's belated effort to quickly stop violating the law after being sued for statutory damages is in any way relevant to any proper Rule 23 superiority analysis. However, until the Ninth Circuit rules on this issue, Plaintiff should be entitled to seek this type of "superiority" discovery. RFP NO. 3's relevance to willfulness cannot be questioned. Its relevance to class certification depends on the sort of superiority analysis that Judge Morrow ultimately elects to employ. If Judge Morrow determines that a sued defendant's steps to stop violating the law upon supposedly "learning" of its FACTA noncompliance have no bearing on the propriety of class certification, then the information sought by RFP No. 3 may not be relevant to class certification, although it will remain relevant to willfulness.

---

[2] *See*, e.g., *Soualian v. International Coffee & Tea, LLC*, Case No. CV 07-502-RGK (JCx), 2007 WL 4877902, *3 (C.D. Cal., June 11, 2007) ("Defendant's immediate action to comply with FACTA's requirements once becoming aware of this action also supports denial of class certification."). Notably, this case settled on a class basis while a Rule 23(f) appeal was pending.

### B.   After 15-months, Defendant has never explained how or why RFP No. 3 is unduly burdensome.

Defendant has had over 15-months to adequately explain how producing documents pursuant to RFP No. 3 is unduly burdensome.  To date, however, Defendant has failed to give any specificity as to why RFP No. 3 is unduly burdensome.  Instead, Defendant resorts to bald, self-serving assertions that "it is not a simple matter" to produce these documents and that the "sheer number of purchases" makes producing these documents burdensome.  Over the last 15-months however, Defendant has failed to explain to Plaintiff how much time it would take to produce these documents and/or how much money it would cost Defendant to produce these documents.  Defendant has not been able to even explain the process it would take to produce these documents.  As late as January 6, 2010, Defendant stated that it "continues to investigate an efficient way to obtain such documents."  The fact of the matter is that Defendant has had RFP No. 3 for over 15-months and through multiple pieces of correspondence and several telephonic meet and confers, Defendant has never been able to explain what investigation Defendant has put forward and why the production of these documents is unduly burdensome.

### C.   Plaintiff's Conclusion.

For the above-stated reasons, Defendant should produce documents in response to RFP No. 3 immediately.

4.   **Defendant's Contentions:**

A.   **Plaintiff Ellis' Motion to Compel Further Response to Request No. 3 Should Be Denied Because It Is Cumulative of Numerous Prior Requests by Plaintiffs.**

1.   **Judge Morrow has Directed the Parties to Focus on Non-Duplicative Discovery Related to Class Certification.**

On June 15, 2009, Judge Morrow held a case management conference. At the conference she asked counsel for the parties to inform her of the status of class certification discovery, and what discovery they thought was needed prior to class certification. (*See* June 15, 2009, Transcript, Shelton Decl., Ex. F.) Counsel for Plaintiffs Edwards and Schley stated that they had all of the discovery they needed. Counsel for Ellis did not identify what, if any, additional discovery he needed. (*Id.*) Judge Morrow instructed the parties to focus on completing class certification discovery, and set a deadline for such task. (*Id.*) On September 14, 2009, at the next scheduling conference, Judge Morrow again ordered Plaintiff Ellis to "meet and confer regarding what discovery Ellis needs beyond the Edwards discovery within one week." (Shelton Decl., Ex. I.) Clearly, Judge Morrow intended the parties to: (1) focus on class certification discovery; and (2) not duplicate prior discovery.

This approach is consistent with the guidance of the Manual for Complex Litigation (Fourth). Specifically, under the section concerning "Multiple Jurisdiction Litigation" (which this is), the Manual states: "The objective of [MDL] transfer is to eliminate duplication in discovery…" (Man. for Compl. Lit., 4th, § 20.131). This is consistent with the United States Judicial Panel's specific Transfer Order of this case: "Centralization under Section 1047 will eliminate duplicative discovery…" (October 9, 2009, Transfer Order, Case 08-ml-01980, Dkt. 1).

11

## 2. **Request for Production No. 3 is Duplicative of Prior Discovery.**

Over two-and-a-half years ago, on April 2, 2007, Plaintiffs Edwards/Schley propounded its first set of requests for production of documents, in which they asked for examples of receipts printed during the 2006 holiday season from every TOYS store in the United States. On May 2, 2007, TOYS provided written responses to Plaintiffs Edwards/Schley objecting that the request was unduly burdensome, in that TOYS has over 800 stores. (*See* Shelton Decl., Ex. A.) These responses (indeed, all discovery responses and documents) were subsequently provided to Plaintiff Ellis, after the actions were consolidated. On July 15, 2008, Plaintiff Ellis served his first set of requests for production of documents, in which he requested "All electronically printed receipts during the relevant time period." In an amended response to this request, TOYS objected that the request was unduly burdensome.[3] On July 15, 2008, Plaintiff Ellis served his first set of interrogatories, in which he asked TOYS to "Identify the persons who received sales of transaction receipts which printed more that [sic] five (5) digits of that person's credit or debit card number." In an amended response to this request, TOYS objected that the request was unduly burdensome.[4] Moreover, TOYS explained in its response the precise nature of the burden involved in responding to this category of requests (seeking all receipts during the 2006 holiday season): (1) TOYS printed approximately 16.3 million receipts during the 2006 holiday season; (2) TOYS does cannot simply pull up the receipts from over three years ago; (3) TOYS would have to undergo a series of time-consuming and expensive steps to

---

[3] *See* Response No. 6, in TOYS' "Amended Responses to First Request for Production of Documents Propounded by Plaintiff Gregory J. Ellis," served on September 24, 2009 (at Shelton Decl., Ex. A.)

[4] *See* Answer No. 6, in TOYS' "Amended Answers to First Set of Interrogatories Propounded By Plaintiff Gregory J. Ellis," served on September 25, 2009 (at Shelton Decl., Ex. A.)

12

even look for the information requested. (*Id.*)  Counsel for TOYS confirmed the nature of the burden in a detailed "meet and confer" letter to counsel for all Plaintiffs on January 6, 2010.  (Shelton Decl., Ex. B.)

As the Court can see, long before Request for Production No. 3 was served on October 7, 2008, multiple prior requests (from all Plaintiffs) had been served asking for essentially the same information.  All of the Plaintiffs had repeatedly been informed why the request was unduly burdensome to TOYS.  None of the Plaintiffs moved to compel further answers to the prior requests.  It is now too late for Plaintiff Ellis to do so on Request for Production No. 3.

### 3.   Delay Resulting in Substantial Prejudice to the Responding Party is Grounds to Deny a Motion to Compel.

In *Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D.Nev.1999), the court held that "substantial prejudice" to a responding party from requesting party's delay to move to compel a further request is grounds to deny the motion. Numerous district courts in the Ninth Circuit have reached similar results.  *See, e.g., Purkey v. Rubino*, No. CV 04-0548-E, 2006 WL 3497267 at *4-5 (D. Idaho 2006) (noting concern regarding the untimely filing of plaintiff's motion to compel, approximately 14 months after receiving the discovery responses at issue and nearly three months after defendants' summary judgment motion was filed, as factor in denying the motion to compel); *Amersham Pharmacia Biotech, Inc. v. The Perkin-Elmer Corp.*, No. C-97-04203, 2000 WL 34217818 at *1-2  (N.D. Cal. 2000) (denying motion to compel documents and depositions where movant waited at least 4 months before moving to compel, and where such motion would unnecessarily delay resolution of another pending motion).

13

### 4. TOYS Would Suffer Substantial Prejudice If It Is Forced to Respond to Request for Production No. 3.

#### a. The Burden Would Be Great.

TOYS has explained to Counsel for Plaintiffs numerous times (including the detailed letter sent to Counsel for all Plaintiffs on January 6, 2010) that documents that might be responsive to this request do not exist as such.[5] TOYS' database does not contain the names of debit and credit customers, just the first initial and last name, and not in a database that can be easily searched. (Shelton Decl., Ex. B.) In order to even begin to search for documents responsive to this request, TOYS would have to compile a list of the names of all employees who worked during the 2006 holiday season (estimated to be tens of thousands), including temporary employees (most of whom are gone). (*Id.*) TOYS would then have to work with software technicians to determine how to create a systems environment that would allow TOYS to search through the universe of potentially relevant credit/debit card information (relating to over 16,000,000 receipts). (*Id.*) Some of the information would need to be obtained from third party vendors and reconciled with TOYS' electronic database. (*Id.*) At that point, assuming the information could even be compiled in a searchable form, the name of each TOYS employee (potentially tens of thousands) would have to be run through the database of information. (*Id.*) The entire process could require hundreds of man-hours and untold expense. The fact that the parties are now on the eve of class certification briefing means that even more expense would be incurred, because any search for responsive documents would require a "rush" effort by TOYS.

---

[5] Plaintiff Ellis' contention that TOYS "never explained how or why RFP No.3 is unduly burdensome is simply wrong. On January 6, 2010 (subsequent to an intensive three-hour face-to-face meet and confer session two days prior), Counsel for TOYS Dominique Shelton sent a detailed letter confirming the content of the meet and confer discussions and describing the specific nature of the burden. (*See* Shelton Decl., at Ex. B.)

14

**B.**   **The Requested Information is Not Relevant to Class Certification and Should therefore Wait Until After Judge Morrow's Decision on Class Certification.**

The burden of responding to the (duplicative) Request No. 3 is completely unnecessary – the documents requested are irrelevant to class certification.  In addition to Judge Morrow's instructions that the parties focus on class certification, the Manual for Complex Litigation is again instructive.  It addresses the very issue before the court (under 'Precertification Discovery"):

> Allowing some merits discovery during the precertification period is generally more appropriate for cases that are large and likely to continue even if not certified.  On the other hand, in cases that are **unlikely to continue if not certified**, discovery into aspects of the merits unrelated to certification delays the certification decision and **can create extraordinary and unnecessary expense and burden**.

(Man. for Comp. Lit., 4th, § 21.14; emphasis added.)  This case is unlikely to continue if it is not certified, therefore the existence of "extraordinary and unnecessary expense" should be carefully considered. [6]

The same consideration (of unnecessary burden) is mandated by Rule 26 and the cases interpreting it.  In particular, Rule 26 requires that, when "managing discovery in a class action contest, the Court must balance the need to promote effective case management, the need to prevent potential abuse, and the need to protect the rights of all parties.'"  *U. S. E.E.O.C. v. ABM Industries, Inc.*, No. 1:07-cv-01428-LJO-TAG, 2008 WL 5385618, *4 (E.D. Cal. 2008).

---

[6] Given the lack of any allegations of actual harm suffered by any plaintiff in this action (and the fact that plaintiffs would be limited to a maximum of $1,000 in statutory damages, and then only if they could prove willfulness), it is highly unlikely any of the plaintiffs would proceed independent of a class.

15

Plaintiff Ellis admits in his introductory statement that Request for Production No. 3 addresses the "central issue in this case…namely, willfulness." He also asserts that Request No. 3 is relevant to class certification because: "certain judges in this district have denied class certification in FACTA cases on the defendants' submission of 'evidence' (usually before discovery commenced) that they immediately began rectifying their illegal conduct upon 'learning' that they were violating the law…" This is a red herring. In the case relied on by Plaintiff Ellis (*Soualian v. Int'l Coffee & Tea*, cited at footnote 1), the issue was when the plaintiffs learned of *FACTA's requirements*. In other words, those plaintiffs were relying on a "we didn't know the law" argument. In this case, TOYS is <u>not</u> relying on ignorance of the law as a defense. TOYS has admitted numerous times, in both verified discovery responses and in declarations submitted to the Court, that it was *aware of FACTA's requirements at all relevant times*.[7]

Even if TOYS was relying on ignorance of the law as a defense (which it isn't), and the information sought by Request No. 3 was relevant to class certification (which it isn't), the burden described above in gathering the information would still easily outweigh the stated need for the information. As the *ABM* court stated, if the plaintiffs in a class certification lawsuit have taken enough discovery to provide a "realistic opportunity" to meet the certification requirements, then "limitations may be imposed" to prevent additional discovery that is <u>unnecessary and expensive</u>. 2008 WL 5385618 at   p. 4. Accordingly, even if the Court finds that the information sought by Request No. 3 is (at most marginally) relevant to class certification, it should still protect TOYS from the burden of gathering the information.

---

[7] *See* TOYS' Responses to Plaintiffs Ellis' Requests for Admissions Nos. 11 and 13, served on September 14, 2009 (Shelton Decl., Ex. A.)  TOYS' defense is based on the fact that an inadvertent software glitch by a third party vendor caused the problem.

16

**C.     TOYS Has Offered to Provide Stipulations Concerning the Requested Issues.**

The fact that Plaintiffs simply do not need the information sought by Request No. 3, and that any asserted need is greatly outweighed by the burden involved, is reinforced by the fact that TOYS has offered to stipulate that: (1) TOYS' employees made credit purchases during the 2006 holiday season, and (2) some of those employees may have been officers with knowledge of FACTA's truncation requirements.  (*See* Shelton Decl., Ex. I (amended responses to Edwards' Requests for Admissions Nos. 38 and 39.)  By providing these stipulations, TOYS has settled the issues concerning Request for Production No. 3 (and allowed Plaintiff Ellis to make whatever argument he feels he needs to make in his class certification motion).  This is a reasonable compromise, which is exactly what F.R.C.P. 26 dictates.

**D.     TOYS' Conclusion.**

It has been three long years since this action was commenced.  The case is, finally, ready for class certification briefing.  The Plaintiffs have all of the information they could possibly need to file their motions for class certification. Under the circumstances, it would be unfair to force TOYS to suffer the burden that would be necessary to further respond to a last-minute discovery request (one of the broadest in the three–year history of the case), that is not necessary for class certification.  If a class is ever certified, then will be the time to address the substantive issue of "willfulness" (including what additional discovery might be needed to address it).  Now is not the time.  Accordingly, TOYS respectfully requests that the Court deny the Ellis Plaintiff's motion to compel.

DATED:   JANUARY 27, 2010.                    Respectfully submitted,

17

By:     s/ James M. Smith
         One of the Attorneys for Plaintiff Ellis


Brian J. Wanca                          Richard J. Doherty
Jonathan E. Irwin                       James M. Smith
**Anderson + Wanca**                    **Bock & Hatch, LLC**
3701 Algonquin Road, Suite 760          134 N. LaSalle Street, Suite 1000
Rolling Meadows, IL  60008              Chicago, IL  60602
Telephone: 847-368-1500                 Telephone:  312-368-5500
Fax: 847-368-1501                       Fax:  312-658-5555


By:     s/Dominique R. Shelton (with consent)
         One of the Attorneys for Defendant


                      Dominique R. Shelton
                      WILDMAN, HARROLD, ALLEN
                      & DIXON, LLP.
                      9665 Wilshire Blvd., Suite 200
                      Los Angeles, CA 90212
                      Telephone: 310-860-8700
                      Fax: 310-860-3800

                      Michael Dockterman
                      225 West Wacker Drive, Suite 2800
                      Chicago, IL 60606-1229
                      Telephone: 312-201-2000
                      Fax: 312-201-25555

18

Case 2:06-cv-08163-MMM-FMO    Document 24    Filed 04/09/2007    Page 1 of 2

SEND

DOCKETED ON CM
APR - 9 2007
BY _____ 169

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.   CV 06-08163-MMM(FMOx)                                    Date   April 9, 2007

Title    Nicola Edward, et al vs. Toys 'R' Us - Delaware

Present: The Honorable    MARGARET M. MORROW

| ANEL HUERTA | MARK SCHWEITZER |
|---|---|
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:                     Attorneys Present for Defendants:

James Mark Moore                                  Richard Hoffman
                                                 Kathleen M. Wood

Proceedings:        SCHEDULING CONFERENCE

Scheduling conference is held and counsel are present.

The court notes that defendant has filed a motion for summary judgment for July 30, 2007 at 10:00 a.m.  Plaintiff is directed to file an opposition no later than July 2, 2007.  Defendant is directed to file a reply no later than July 16, 2007.

The parties are ordered to a private mediator based upon a stipulation of the parties to be completed no later than February 1, 2008.  See Order/Referral to ADR Pilot Program.

After conferring with counsel, the Court schedules the following dates:

| | |
|---|---|
| Deadline to file motions/stipulations seeking amendment of pleadings: | May 7, 2007 |
| Further telephone status conference: | December 13, 2007 at 5:00 p.m. |
| Class Certification motion: | October 29, 2007 |
| Fact discovery cut-off: | November 30, 2007 |
| Initial expert disclosures: | December 14, 2007 |
| Rebuttal expert disclosures: | January 4, 2008 |
| Expert discovery cut-off: | January 18, 2008 |
| (All discovery motions are to be filed sufficiently in advance of the discovery cut-off date that they may be heard on or before that date) | |
| Motions hearing cut-off: | February 11, 2008 at 10:00 a.m. |
| Pretrial Conference: | March 10, 2008 at 9:00 a.m. |
| (Including motions in limine) | |
| Jury Trial: | April 8, 2008 at 8:30 a.m. |



EXHIBIT
A.

#24

Plaintiffs' counsel is to initiate the call for the further telephone status conference through the telephone operator to include all counsel of record and chambers at **(213) 894-2957**. If there is any problem completing the call, counsel should contact the courtroom deputy, Anel Huerta, at (213) 894-7857.

1
2   J. Mark Moore (mark@spiromoss.com)
    SPIRO MOSS LLP
3   11377 W. Olympic Blvd., Fifth Floor
    Los Angeles, CA 90064
4   Telephone:  310-235-2468; Fax:  310-235-2456
    Counsel for Plaintiffs Edwards and Schley
5   [Additional counsel listed on signature page]
6
    Richard J. Doherty
7   Bock & Hatch
    134 N. LaSalle, Suite 1000
8   Chicago, IL  60602
    (312) 658-5505; (312) 658-5555 (fax)
9   Counsel for Plaintiff Gregory J. Ellis
10  [Additional counsel listed on signature page]
11  WILDMAN, HARROLD, ALLEN & DIXON LLP
    Michael Dockterman (dockterman@wildman.com)
12  225 West Wacker Drive, Suite 2800
    Chicago, IL 60606-1229
13  Telephone:  (312) 201-2000
14  Facsimile:  (312) 201-2555
15  Dominique R. Shelton (dshelton@wildman.com)
16  Clinton J. McCord (mccord@wildman.com)
    9665 Wilshire Boulevard, Suite 200
17  Los Angeles, CA 90212
18  Telephone:  (310) 860-8700
19  Facsimile:  (310) 860-3800
    Counsel for Defendant Toys 'R' Us – Delaware, Inc.
20
21  *In Re:* TOYS 'R' US – DELAWARE,          MDL No. CV 08-01980 MMM (FMOx)
22  INC. – FAIR AND ACCURATE               No. CV 06-08163 MMM (FMOx)
                                            No. CV 08-06645 MMM (FMOx)
    CREDIT TRANSACTIONS ACT
23  (FACTA) LITIGATION                      The Hon. Margaret M. Morrow
24                                          [PROPOSED] ORDER REGARDING
25                                          MEDIATION AND CLASS
                                            CERTIFICATION DEADLINES
26
27
28

[PROPOSED] ORDER



**EXHIBIT**

**B.**

WHEREAS, the Court has reviewed the stipulation of the parties regarding Mediation and Class Certification Deadlines and, having good cause for the relief requested thereby, orders the following schedule:

Mediation deadline:  December 3, 2009

Class certification discovery cut-off: January 8, 2010

Class certification motions: February 1, 2010

Oppositions: March 1, 2010

Replies: March 22, 2010

Hearing on motions: April 19, 2010 at 10:00 a.m.

**IT IS SO ORDERED.**

ENTER:

DATE:
10.15.09

_Margaret M. Morrow_

Honorable Margaret M. Morrow
United States District Judge

Order prepared by:

Dominique R. Shelton (dshelton@wildman.com)
Clinton J. McCord (mccord@wildman.com)
9665 Wilshire Boulevard, Suite 200
Los Angeles, CA  90212
Telephone:  (310) 860-8700
Facsimile:  (310) 860-3800
Counsel for Defendant Toys 'R' Us -- Delaware, Inc.

[PROPOSED] ORDER

1   J. Mark Moore (mark@spiromoss.com)
2   SPIRO MOSS LLP
    11377 W. Olympic Blvd., Fifth Floor
3   Los Angeles, CA 90064
    Telephone:  310-235-2468; Fax:  310-235-2456
4   Counsel for Plaintiffs Edwards and Schley
5   [Additional counsel listed on signature page]

6   Richard J. Doherty
7   Bock & Hatch
    134 N. LaSalle, Suite 1000
8   Chicago, IL  60602
    (312) 658-5505; (312) 658-5555 (fax)
9   Counsel for Plaintiff Gregory J. Ellis
10  [Additional counsel listed on signature page]

11  WILDMAN, HARROLD, ALLEN & DIXON LLP
    Michael Dockterman (dockterman@wildman.com)
12  225 West Wacker Drive, Suite 2800
13  Chicago, IL 60606-1229
    Telephone:  (312) 201-2000
14  Facsimile:   (312) 201-2555

15  Dominique R. Shelton (dshelton@wildman.com)
16  Clinton J. McCord (mccord@wildman.com)
    9665 Wilshire Boulevard, Suite 200
17  Los Angeles, CA  90212
18  Telephone:  (310) 860-8700
    Facsimile:   (310) 860-3800
19  Counsel for Defendant Toys 'R' Us – Delaware, Inc.

20

21  *In Re*: TOYS 'R' US - DELAWARE,       MDL No. CV 08-01980 MMM (FMOx)
    INC. – FAIR AND ACCURATE            No. CV 06-08163 MMM (FMOx)
22                                      No. CV 08-06645 MMM (FMOx)
    CREDIT TRANSACTIONS ACT
23  (FACTA) LITIGATION                  The Hon. Margaret M. Morrow

24                                      [PROPOSED] ORDER REGARDING
25                                      MEDIATION AND CLASS
                                        CERTIFICATION DEADLINES
26

27

28

WHEREAS, the Court has reviewed the second stipulation of the parties regarding Mediation and Class Certification Deadlines and, finding good cause for the relief requested thereby, orders the following schedule:

Class certification discovery cut-off: February 12, 2010

Class certification motions: March 8, 2010

Oppositions: April 5, 2010

Replies: April 26, 2010

Hearing on motions: May 24, 2010 at 10:00 a.m.

**IT IS SO ORDERED.**

**DATE: NOVEMBER 6, 2009**

_Margaret M. Morrow_

Honorable Margaret M. Morrow
United States District Judge

Order prepared by:

Dominique R. Shelton (dshelton@wildman.com)
Clinton J. McCord (mccord@wildman.com)
9665 Wilshire Boulevard, Suite 200
Los Angeles, CA 90212
Telephone:  (310) 860-8700
Facsimile:  (310) 860-3800
Counsel for Defendant Toys 'R' Us – Delaware, Inc.