J. Mark Moore (SBN 180473)
(mark@spiromoss.com)
**Spiro Moss LLP**
11377 W. Olympic Blvd., Fifth Floor
Los Angeles, CA 90064
Tel: (310) 235-2468; Fax: (310) 235-2456

[*Additional counsel listed on signature page*]

Attorneys for Plaintiffs Edwards and Schley

Brian J. Wanca
Jonathon E. Irwin
**Anderson + Wanca**
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847-368-1500
Fax: 847-368-1501

[*Additional counsel listed on signature page*]

Attorneys for Plaintiff Ellis

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: TOYS "R" US - DELAWARE, INC. - FAIR AND ACCURATE CREDIT TRANSACTIONS ACT (FACTA) LITIGATION** | ML No. CV 08-01980 MMM (FMOx)<br>No. CV 06-08163 MMM (FMOx)<br>No. CV 08-06645 MMM (FMOx)<br><br>The Hon. Margaret M. Morrow<br><br>**PLAINTIFFS' COORDINATED SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER**<br><br>Date: February 17, 2010<br>Time: 10:00 a.m.<br>Ctrm: F, 9th Floor (Spring Street)<br><br>Discovery Cut-Off Date: None<br>Pre-Certification Discovery Cut-Off: February 12, 2010<br>Pretrial Conference Date: None<br>Trial Date: None |

## 1. **Introduction**

Plaintiffs Nicola Edwards and James Schley, the plaintiffs in the first-filed *Edwards* case, and Gregory Ellis, plaintiff in the *Ellis* case (collectively, "Plaintiffs") have adequately briefed the issues raised by Toys' purported motion for protective order in the parties' Joint Stipulation filed last week. Plaintiffs now emphasize only a few important points.

## 2. **The Two Depositions At Issue in Toys' Motion**

Toys' position that it is entitled to a protective order precluding, or at least postponing, its own deposition and that of Joel Tennenberg is baseless for all the reasons discussed in Plaintiffs' portion of the Joint Stipulation. For now, Plaintiffs summarize the following points and request that they not be overlooked.

First, the two depositions at issue *should already have occurred*. As Plaintiffs previously explained (Joint Stipulation ["Joint Stip."], pp. 25-26, 29-30), the depositions originally were noticed in October but were postponed at Toys' request to minimize discovery costs before the December 3, 2009 mediation (at which Toys failed to show up) and to permit the busy holiday season to pass.

Indeed, contrary to its current claims that Plaintiffs should be barred from taking such depositions now, Toys *stipulated* that such depositions were being *postponed* until after the mediation to permit the mediation to occur without further discovery costs. See Declaration of J. Mark Moore ("Moore Decl."), Exh. 3, 4, 6. In addition, Toys' counsel told Judge Morrow in open court on September 14, 2009 that "defendants would like to be able to in this discovery period for class certification be able to focus their discovery efforts *on depositions* and otherwise on whatever form this class is going to take." [*See* Supplemental Declaration of J. Mark Moore filed concurrently herewith, Exh. A, pp. 9:25-10:2.] Since Toys had taken the depositions of plaintiffs Edwards and Schley in 2007, it plainly understood that it would not be the only party taking such "depositions" in the period before class certification briefing. It certainly did not ask the Court to preclude any depositions by Plaintiffs, let alone to bar a deposition of itself as the named defendant prior to class certification.

The mediation did not result in a settlement. Subsequently, as Plaintiffs had told Toys they would do, Plaintiffs served coordinated deposition notices requiring Toys and Mr. Tennenberg to appear in New Jersey (where Toys is located) on January 26 and 27, 2010, respectively. Even though it had not even *filed* its motion for protective order, Toys simply **refused to show up** for the properly-noticed depositions on January 26th and 27th. This was inexcusable. *Pioche Mines Consolidated, Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964) ("[I]t is for the court, not the deponent or his counsel, to relieve him of the duty to appear.") And, Toys knew it was inexcusable to simply refuse to appear, since Plaintiffs' counsel had cited *Pioche Mines* to defense counsel in advance. Moore Decl., Exh. 11.[1]

Second, as their portion of the Joint Stipulation demonstrates, the depositions (and all the other discovery at issue) unquestionably meet the test for relevance in discovery. Plaintiffs will not rehash their views about relevance.[2] There is no reason to put these depositions aside now simply because Toys does not want to be subjected to them now.

Third, a party seeking a protective order, as here, "must show a particular and specific need for the protective order, as opposed to making stereotyped or conclusory statements." *Skellerup Industries Ltd. V. City of Los Angeles*, 163 F.R.D. 598, 600 (C.D. Cal. 1995). A "strong showing is required before a party will be denied entirely the right to take a deposition." *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). Doing so is usually in error. *WebSideStory, Inc. v. Netratings, Inc.*, 2007 WL 1120567,

---

[1] Unfortunately, as was the case in late 2006 when it distributed millions of visibly illegal receipts containing sensitive account information in violation of FACTA during its busy holiday season, Toys still seems to think that unambiguous federal law is just an inconvenient nuisance that it can disregard at its whim.

[2] Toys' counsel have made it clear that Toys' opposition to class certification will repeat the incredible story that Toys proffered in seeking summary judgment, i.e., that while it was fully aware of FACTA, it was not aware that it was *violating* FACTA (visibly, millions of times) until after it was served with the *Edwards* complaint on December 27, 2006. Discovery relating to that story is relevant. While Toys *now* wants to claim that the truth of such facts is "irrelevant to class certification," it does not deny that it intends to proffer this story as fact in opposing certification. Thus, even under Toys' theory that only discovery "relevant" to class certification is permitted now, Plaintiffs can seek discovery relating to this story.

*12 (S.D. Cal. April 6, 2007).

Here, Toys wants to preclude the plaintiffs in both cases against it from taking its own deposition, and that of its admitted person in charge of FACTA compliance, before the critical class certification stage in this litigation. It has failed to meet its burden, setting aside that it should have appeared for the depositions already.

Finally, as Plaintiffs previously demonstrated (Joint Stip., pp. 45-48), Toys' claims that Plaintiffs already deposed it, pursuant to Rule 30(b)(6), when the *Edwards* plaintiffs deposed Dennis Gleason as an individual in August 2007 in opposing Toys' unsuccessful motion for summary judgment, are simply false. Toys, the named defendant, has never been deposed in either *Edwards* or *Ellis*.

### 3.  **Toys Has Mischaracterized Judge Morrow's Prior "Instructions"**

#### A.  **The June 15, 2009 Scheduling Conference**

Plaintiffs have previously shown how Toys has mischaracterized, and exaggerated the import of, the supposed "instructions" of Judge Morrow regarding permissible discovery at the June 15, 2009 scheduling conference. (Joint Stipulation, pp. 23-25). According to Toys, those supposed "instructions" support its view that Plaintiffs (all of them) should not be permitted to pursue the discovery at issue, at least prior to class certification. Toys is wrong.

#### B.  **The September 14, 2009 Status Conference**

Toys also has mischaracterized what occurred at the September 14, 2009 status conference, representing that Judge Morrow "<u>again instructed the parties to focus on class certification discovery</u>." (Joint Stip., p. 11:14-15.) (Toys' emphasis.) Toys cites only the minutes of that status conference to support this claim. The minutes, however, say no such thing.

<u>Nor does the transcript</u>. As Plaintiffs noted in their portion of the Joint Stipulation (p. 38, n. 38), Plaintiffs did not possess the September 14, 2009 status conference transcript, about which Toys was making representations, when the parties submitted the Joint Stipulation. Plaintiffs have now obtained it, and it is attached as Exhibit "A" to the Supplemental Declaration of J. Mark Moore filed concurrently herewith.

-3-

Contrary to Toys' suggestions, Judge Morrow simply did not rule, instruct or otherwise hold that Plaintiffs were limited to taking depositions or discovery "required" for or "relevant" to class certification, let alone discovery that *Toys* deems is relevant to class certification.  It is Plaintiffs' counsel - not Toys' counsel - who are responsible for determining what discovery they believe will be useful in moving for certification and in discrediting Toys' factual and legal arguments in opposition.  Setting that aside, the Court has never bifurcated discovery in this matter, let alone given Toys *carte blanche* to refuse to appear at its own deposition, without a court order permitting it to do so, based solely on its counsel's spurious objections that all of the matters as to which testimony was demanded are "irrelevant to class certification."

While Toys attempts in its Motion for Protective Order to paint a picture of itself as having been imminently reasonable in discovery, the September 14 transcript paints a different picture.  Among other things, Judge Morrow stated:  *"I think the defendant has taken an extraordinarily aggressive and in many respects untenable position with regard to how it's going to litigate this case . . . ."*  (Transcript, p. 10:21-24.)  (Emphasis added.)  Judge Morrow also stated:

> The Ellis plaintiffs are entitled to discovery. You can't simply say we're not going to produce any discovery to you. If they are asking duplicative things in terms of information you've already provided to them because it's my understanding that you've already provided all the information that you produced in discovery to Edwards, then sit down and  talk it out. But don't engage in this kind of sand lot litigation. It's really not productive of anybody's time, certainly your client's money, and it multiplies proceedings in the court, and it's really distressing to me that this is how we're going about this."
> (*Id*.,  p. 11:8-18.)

After these comments from Judge Morrow, Toys' counsel told the Court: "I wanted to mention that *Toys is and will work cooperatively with plaintiffs* . . . . So we will continue to work hard to make sure that this case works efficiently for the court." (*Id*., 13:3-11.)  (Italics added.)

In light of these assurances, it is not surprising that Toys' portion of the Joint Stipulation simply ignores its reecent refusal to appear at the depositions noticed on a coordinated basis by Plaintiffs.  Such conduct - in blatant violation of Ninth Circuit law - is not "cooperating" in discovery. In addition, despite the Court's stated concerns about

multiplying judicial proceedings, Toys fails to explain why it has now filed a belated motion seeking "protection" from *Edwards* RFA Nos. 38 and 39, when the *Edwards* plaintiffs previously filed their own motion regarding those RFAs, set for hearing a week before Toys' motion. Lacking a good explanation for its tactics, Toys offers none.[3]

In sum, the September 14, 2009 transcript and the stipulations executed by Toys before the mediation confirm that Toys knew that depositions were on the horizon. Now, however, Toys is thwarting Plaintiffs' ability to take depositions before class certification, supposedly because they are "irrelevant." If Toys actually believed that it could preclude the depositions, it should have sought a protective order in a proactive fashion, <u>before the depositions were set to occur</u>, since it knew they would be re-noticed if the mediation failed. But it didn't, no doubt because it feared its position might not be accepted by the Court. Instead, it induced Plaintiffs to postpone the depositions until after the mediation (where it then failed to show up), and it then refused to appear for the re-noticed depositions on January 26 and 27. It knew that by disregarding its duties under *Pioche Mines*, it would minimize Plaintiffs' ability to seek relief from the Court, given the impending pre-certification cut-off and the lengthy process required by LR 37-1. The Court should not permit such unsavory litigation tactics to succeed.

### 4. **CONCLUSION**

Toys is not entitled to the "protection" it now seeks. Its Motion should be denied in its entirety, and Plaintiffs should recover their costs incurred in opposing it.

Dated: February 3, 2010   By: _____/s/ *J. Mark Moore*_____
                                                     J. Mark Moore
                                                     of Spiro Moss LLP

---

[3] Judge Morrow also ordered *the parties* to mediate: "I think it would be valuable in light of what I've heard to require the parties to attend a mediation . . . ." (*Id.*, 16:1-3.) Yet, after Plaintiffs paid for the mediation services of the Hon. Gary Taylor (Ret.), Plaintiffs were stunned when Toys simply failed to show up at the December 3, 2009 mediation. Plaintiffs do not know whether the mediation result might have been different had Judge Taylor and Plaintiffs been able to present their views to Toys itself, rather than merely to its counsel, who appear unduly optimistic about Toys' ability to avoid class certification.

-5-

|   |   |
|---|---|
| 1 | Douglas A. Linde  (SBN217584) |
| 2 | (dal@lindelaw.net)<br>The Linde Law Firm |
| 3 | 9000 Sunset Blvd., Suite 1025<br>Los Angeles, CA 90069 |
| 4 | Tel: (310) 203-9333; Fax: (310) 203-9233 |

Chant & Company
A Professional Law Corporation
Chant Yedalian (SBN 222325)
10866 Wilshire Blvd., Suite 400
Los Angeles, CA 90024
Tel: 424.901.8377; Fax: 424.744.4177
chant@chant.mobi

Attorneys for Plaintiffs Nicola Edwards and James Schley

By _____/s/_____

Richard J. Doherty
James Smith
**Bock & Hatch**
134 N. LaSalle, Suite 1000
Chicago, IL  60602
(312) 658-5505; (312) 658-5555 (fax)

Brian J. Wanca
Jonathan E. Irwin
**Anderson + Wanca**
3701 Algonquin Road, Suite 760
Rolling Meadows, IL  60008
Telephone:  847-368-1500
Fax:  847-368-1501

-6-