1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In Re*: **TOYS 'R' US - DELAWARE, INC. – FAIR AND ACCURATE CREDIT TRANSACTIONS ACT (FACTA) LITIGATION** | MDL No. CV 08-01980 MMM (FMOx)<br>No. CV 06-08163 MMM (FMOx)<br>No. CV 08-06645 MMM (FMOx)<br><br>The Hon. Margaret M. Morrow<br><br>**ORDER OF PRELIMINARY APPROVAL** |

THIS MATTER is before the Court upon Plaintiffs' Unopposed Motion for Preliminary Approval of the Class Action Settlement Agreement, filed on May 13, 2013.  Plaintiffs have submitted for preliminary approval a proposed settlement of this class action, which is unopposed by Defendant Toys 'R' Us – Delaware, Inc. ("Defendant" or "Toys").

Having reviewed and considered the Unopposed Motion and the terms and conditions of the proposed Settlement Agreement, a copy of which has been submitted with the Unopposed Motion, and good cause for this Order having been

AM 18720660.1

shown:

**IT IS HEREBY ORDERED**:

1.      The terms of the Settlement Agreement are hereby preliminarily approved, subject to further consideration at the Fairness Hearing as provided for below.  Capitalized terms used in this Order that are not otherwise identified herein have a meaning assigned to them in the Settlement Agreement.  The Court concludes that the Settlement is sufficiently within the range of reasonableness to warrant the conditional certification of the Settlement Class, the scheduling of the Fairness Hearing, and the dissemination of Notice to Class Members, each as provided for in this Order.

<u>**Conditional Certification of the Class**</u>

2.      For purposes of settlement only, and pursuant to F.R.C.P. 23(a) and (b)(3), the Lawsuit (and *Edwards* and *Ellis* actions which comprise the Lawsuit) is conditionally certified as a single class action on behalf of the following persons (the "Settlement Class" or the "Class"):

> All persons who made purchases at any Toys 'R' Us store during the Class Period (defined as the period from December 4, 2006 through January 5, 2007, inclusive) using credit or debit cards.

Plaintiffs Nicola Edwards, James Schley and Gregory Ellis ("Plaintiffs" or "Class Representatives") are conditionally certified as the Class Representatives for the Settlement Class, and Spiro Moore LLP, Bock & Hatch LLC, Chant & Company A Professional Law Corporation, and the Linde Law Firm and (through attorneys J. Mark Moore, Richard Doherty, Chant Yedalian, and Douglas Linde, respectively) are conditionally certified as Class Counsel.  This conditional certification of the Class, Class Representatives and Class Counsel are solely for purposes of effectuating the Settlement.  If the Settlement Agreement is terminated or is not consummated for any reason, the foregoing conditional certification of the

ORDER OF PRELIMINARY APPROVAL

AM 18720660.1

Class, appointment of Class Representatives and appointment of Class Counsel shall be void and of no further effect, and the Parties to the Agreement shall be returned to the status each occupied before entry of this Order without prejudice to any legal that any party to the Settlement Agreement might have asserted in these Actions.

## Stay Order

3.      The Court orders the stay of any pending litigation and enjoins the initiation of any new litigation by any Class Member in any court, arbitration, or other tribunal that includes any Released Claims (as defined in the Settlement Agreement) against Toys, its affiliates or the Released Parties (as defined in the Settlement Agreement) unless and until the Class Member initiating such matter opts out of the Class in this case.

## Form and Timing of Notice

4.      On July 9, 2013 and July 16, 2013, Toys shall cause to be published, substantially in the form attached to the Settlement Agreement as Exhibit C (the "Notice"), in the USA Today newspaper, in a non-classified section, a notice of this settlement that is sufficiently large that it is at least one sixth (1/6) of one page of the newspaper ("Publication").

At the same time that the Notice is published, Toys shall create a dedicated settlement website that contains information concerning the settlement for Class Members.  The website address will be included in the Notice, and the website will display a notice of the settlement in substantially the form attached to the Settlement Agreement as Exhibit D ("the Internet Notice").  The website will also include access to a claim form, a link to this Agreement, a link to the Motion for Preliminary Approval and Order granting same, a link to the Settlement Administrator's settlement website, and a phone number where class members may call and request that the Settlement Administrator mail them a claim form.

3

ORDER OF PRELIMINARY APPROVAL

AM 18720660.1

The Settlement Administrator will create a settlement website, containing information about the settlement that includes, but is not limited to, the Settlement Agreement, the Internet Notice, the Motion for Preliminary Approval and the court's Order granting same, the Complaint, and the claim form.

5.     The court approves the proposed Claim Form as reflected in Exhibit E to the Settlement Agreement.

6.     The cost of providing notice to the Settlement Class shall be paid as set forth in the Settlement Agreement.

7.     The court finds that the notice to be provided as set forth in this Order is the best means of notice to members of the class and is practicable under the circumstances.  The court finds that when completed, this notice will constitute due and sufficient notice of the Agreement and the Fairness Hearing to all persons affected by and/or entitled to participate in the Settlement or the Fairness Hearing, in full compliance with the requirements of due process and the Federal Rules of Civil Procedure.

### Class Member Objection and Opt-Out

8.     Any Class Member who wishes to object to the fairness of the settlement must, by the Opt-Out/Objection Deadline (Friday, September 6, 2013): (1) submit an objection to the court by mailing or otherwise delivering it to the **Clerk to Honorable Margaret M. Morrow** at 255 E. Temple Street, Suite 770, Los Angeles, CA 90012, and (2) provide copies of the objection to:

For the Class:

Richard J. Doherty
Bock & Hatch, LLC
134 N. La Salle Street, Suite 1000
Chicago, IL  60602

For Toys:

Michael Dockterman
Edwards Wildman Palmer LLP
225 W. Wacker Dr., Ste. 3000
Chicago, IL 60606

ORDER OF PRELIMINARY APPROVAL

AM 18720660.1

Any objection must include all of the following:

a.   a reference to In Re: Toys "R" Us – Delaware, Inc. – Fair and Accurate Credit Transactions Act (FACTA) Litigation, MDL No. CV 08-01980, in the United States District Court for the Central District of California;

b.   the objector's full name, address, and telephone number;

c.   a written statement of all grounds for the objection, accompanied by any legal support for such objection;

d.   copies of any papers, briefs, or other documents upon which the objection is based;

e.   the testimony of all witnesses supporting the objection in declaration form; and

f.   a statement as to whether the objector wishes to appear at the Fairness Hearing (defined below).  If the objector wishes to appear at the Fairness Hearing through counsel, the objection must identify all attorneys representing the objector who will appear at the Fairness Hearing.

Any Class Member who does not file a timely written objection to the settlement will be foreclosed from seeking any adjudication or review of the settlement by appeal or otherwise.  Any Class Member who does not object and file a timely notice of his or her intent to appear and present argument at the Fairness Hearing will be foreclosed from presenting argument at the Fairness Hearing. Objectors may be required to give a deposition concerning the grounds for their objection.

Any Class Member who wishes to be excluded as a Class Member must submit a written exclusion request to the Settlement Administrator, postmarked no later than the Opt-Out/Objection Deadline, at:

AM 18720660.1

Toys 'R' Us FACTA Settlement Administrator
 c/o Class Action Administration, Inc.
 PO Box 6848
 Broomfield, CO  80021-0015

To be effective, the exclusion request must:  (a) include the Class Member's full name, address and telephone number and (b) specifically state the Class Member's desire to be excluded as a Class Member in *In Re: Toys "R" Us – Delaware, Inc. – Fair and Accurate Credit Transactions Act (FACTA) Litigation.*

Any Class Member who does not submit a timely and valid exclusion request will be subject to and bound by the settlement agreement, including the Release of Class Members' claims, and every order or judgment entered concerning the agreement.

### <u>Fairness Hearing; Right to Appear and Object</u>

9.    A Final Approval and Fairness Hearing (the "Fairness Hearing") shall take place before the undersigned, United States District Judge Margaret M. Morrow, in Courtroom 780, Roybal Federal Building, 255 East Temple Street, Los Angeles, CA 90012, on November 4, 2013, at 10:00 a.m.  At the Fairness hearing, the Court will consider the fairness, reasonableness and adequacy of the proposed Settlement as well as an award of attorneys' fees and costs to Class Counsel and incentive awards to the Class Representatives.

The Court may finally approve the Settlement Agreement at or after the Fairness Hearing with any modifications agreed to by the Parties and without further notice to the Class Members.

10.    Any Class Member and any other interested person may appear at the Fairness Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or opposition to the fairness of the settlement or attorneys' fees, costs and incentive payments to be awarded, provided, however,

6
ORDER OF PRELIMINARY APPROVAL

AM 18720660.1

that no person shall be heard, and no papers, briefs, or other submissions will be considered unless on or before Friday, September 6, 2013 such person:

(a)    Files with the Court a Notice of such person's intention to appear, together with a statement setting forth such person's objections, if any, to the settlement or attorneys' fees, costs and incentive awards and the basis therefore, together with any documentation that such person intends to rely upon at the Fairness Hearing; and

(b)    Serves copies of all such materials either by hand delivery or by first-class mail, postage prepaid, upon the following counsel by September 6, 2013:

| For the Class: | For Toys: |
|---|---|
| Richard J. Doherty | Michael Dockterman |
| Bock & Hatch, LLC | Edwards Wildman Palmer LLP |
| 134 N. La Salle Street, Suite 1000 | 225 W. Wacker Dr., Ste. 3000 |
| Chicago, IL  60602 | Chicago, IL 60606 |

(c)    Class Counsel shall file all papers, including memoranda or briefs in support of the settlement, no later than twenty-eight (28) days prior to the Fairness Hearing.

(d)    Class Counsel shall file any motion for an award of attorneys' fees, costs and incentive awards no later than twenty- eight days (28) court days prior to the Opt-Out/Objection Deadline.

11.    Any member of the Settlement Class who fails to opt out of the Settlement Class or who fails to object in the manner prescribed in this Order shall be deemed to have waived, and shall be foreclosed from raising objections or asserting any claims arising out of, related to, or based in whole or in part on any of the facts or matters alleged in the Lawsuit, or which could have been alleged, or which otherwise were at issue in this Lawsuit.

ORDER OF PRELIMINARY APPROVAL

AM 18720660.1

**Other Provisions**

12.     Neither the Settlement Agreement nor any provision therein, nor any negotiations, statements, or proceedings in connection therewith shall be construed as, or be deemed to be evidence of, an admission or concession on the part of any of the Class Representatives, their counsel, any Class Members, Toys, or any other person of liability or wrongdoing by them.   Nor shall any of the foregoing constitute an admission that the claims and defenses that have been, or could have been, asserted, in the Lawsuits are or are not meritorious.   Neither the Settlement Agreement nor communications regarding it shall be offered or received in evidence in any action or proceeding, or be used in any way as an admission or concession by defendant as evidence of any liability or wrongdoing by defendant, or as an admission that any Class Representative, or any Class Member has or has not suffered any damage.

13.     In the event the Settlement Agreement is terminated or is not consummated for any reason, the Settlement Agreement and all proceedings had in connection therewith shall be null and void, and without prejudice to the rights of the parties to the Settlement Agreement before it was executed.


**IT IS SO ORDERED.**

Dated: June 6, 2013

_____
MARGARET M. MORROW
United States District Judge

AM 18720660.1